# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 8, 2008

## MEGAN GRISWOLD v. JOSH WILLIAMS, ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 04-9240 CV      Robert E. Corlew, III, Chancellor**

---

### No. M2007-01007-COA-R3-CV - Filed July 24, 2009

---

Sellers of truck appeal award of damages and attorneys fees awarded to purchaser based on finding that sellers violated the Tennessee Consumer Protection Act. Finding no error, we affirm the decision of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Josh Williams and Richard Williams, Dowelltown, Tennessee, Pro Se.

Benjamin D. Groce, Murfreesboro, Tennessee, for the appellee, Megan Griswold.

### MEMORANDUM OPINION[1]

## I. Background

Josh Williams and his father Richard Williams ("the Williams") buy and repair damaged and/or salvaged vehicles for purposes of resale. They purchased a truck which had been damaged in an accident for $4,000.00 and, at the time of their purchase, had no hood, headlights, front fender or radiator. The truck had been totaled in the accident and the title the Williams received, issued by the State of Georgia, showed the vehicle to be a "salvage" vehicle. The Williams performed some repair work to the truck and, in contemplation of selling the truck, applied for a new certificate of

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

title issued by the State of Tennessee. The Tennessee title they received did not contain a salvage notation.

Josh Williams advertised the truck for sale on a bulletin board at his place of employment with an asking price of $8,350.00. Megan Griswold, whose brother worked with Josh Williams, became interested in the truck. Ms. Griswold and her father inspected and test drove the truck. Ms. Griswold asked about problems with the vehicle and was advised by Josh Williams that the body had been repaired due to damages sustained in a previous wreck. Ms. Griswold subsequently purchased the truck for 8,250.00.

A few days after the purchase, both oil lines on the truck became disconnected, causing all the oil to leak. Ms. Griswold's father took the truck to a friend who had a lift, as a result of which they learned that the car had been involved in a serious accident. Mr. Griswold then consulted the "Carfax" service[2] and learned of the previous "salvage" title issued in Georgia. Mr. Griswold then contacted Josh Williams to resolve the matter, but they were unable to agree.

Ms. Griswold thereafter filed suit against the Williams in Rutherford County Chancery Court alleging breach of contract, fraud and violation of the Tennessee Consumer Protection Act ("TCPA") and seeking rescission of the sale, damages and treble damages pursuant to the TCPA, punitive damages based on fraud and attorneys fees. Following a non-jury trial, the court entered its order finding that the Williams made negligent misrepresentations regarding the truck's history and violated the TCPA. The court awarded actual damages in the amount of $2,350.00[3] jointly and severally against the Williams; for violation of the TCPA, the court awarded Ms. Griswold judgment in the amount of $2,350.00 against Richard Williams and treble damages totaling $7,050.00 against Josh Williams. The court awarded attorneys fees in the amount of $14,100.00 against Josh Williams and $4,700.00 against Richard Williams;[4] the court made the award against Richard Williams joint and several.

The Williams appeal, stating the following as the issue for review:

Whether the trial court erred in ordering relief under the TCPA because the transaction was a single transaction between individuals and the Williams were not in the business of selling vehicles. The only cause of action Griswold properly pled in her complaint was that the Williams had violated the TCPA. Therefore, the trial court's finding that Griswold was entitled to recover under the Act is erred [sic]

---

[2] Carfax is an internet-based service that provides vehicle history reports, including history of vehicle titles. *See* www.carfax.com.

[3] This amount represented the difference between the $8,350 sale price and the $6,000.00 fair market value of the truck.

[4] It appears that the amount of attorneys fees awarded against Josh Williams was two times the TCPA damage award and the award against Richard Williams was two times the actual damage award.

based on *Ganzevoort v. Russell,* 949 S.W.2d 293 (Tenn. 1997) for the proposition that the TCPA does not apply because the transaction was "the isolated sale of real estate between private parties." The Trial Court followed *Ganzevoort* and held that the "casual sale of a person's personal residence (property)" does not fall within the ambit of the Act.

Ms. Griswold raises the additional issue of whether this appeal should be dismissed for the Williams' failure to file their brief on appeal in accordance with Rule 29, Tenn. R. App. P.

## II.  Standard of Review

Because this case was tried without a jury, our review of the trial court's findings of fact is *de novo*, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). Our review of the trial court's determinations regarding questions of law is *de novo* with no presumption of correctness. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); Tenn. R. App. P. 13(d). The construction of the TCPA and its application to the facts of this case is a question of law. *Ganzevoort v. Russell,* 949 S.W.2d 293 (Tenn. 1997) *(citing Beare Co. v. Tennessee Dept. Of Revenue,* 858 S.W.2d 906 (Tenn. 1993)).

## III.  Discussion

### A.  Dismissal of the Appeal

Ms. Griswold suggests that the appeal should be dismissed because the Williams' brief was not filed within the time limit set forth in Rule 29, Tenn. R. App. P. We note that the Williams' brief was timely filed in accordance with this court's order of April 4, 2008, but that the brief was filed with the Clerk and Master of Rutherford County rather than the clerk of this court. Exercising our authority under Rule 2, Tenn. R. App. P., and in the interest of finality of the dispute between the parties, we will consider the appeal.

### B.  Ms. Griswold's TCPA Claim

The Williams, relying on *Ganzevoort v. Russell*, argue that the TCPA does not apply since "the transaction was a single transaction between individuals and the Williams were not in the business of selling vehicles." We find, however, that, under the facts of this case and the applicable law, the sale of the truck fell within the provisions of the TCPA.

The relevant provision of the TCPA, Tenn. Code Ann. § 47-18-109(a)(1), provides a private cause of action to:

Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, . . . as a result of the use or employment by any person of an unfair or deceptive act or practice declared to be unlawful by this part[5]. . . .

In *Ganzevoort*, an action in which the purchaser of a home brought suit under the TCPA against the seller of the home and the seller's real estate agent for defects in the home, the Tennessee Supreme Court held that the TCPA was not applicable to the seller, since he was not generally engaged in the sale of real property; the court found the TCPA otherwise applicable to the transaction. The court distinguished the "isolated sale" of the owner of the home in that case from the statute's language that one purpose of the TCPA is to maintain "ethical standards of dealing between *persons engaged in business* and the consuming public." *Ganzevoort*, 949 S.W.2d at 298 (quoting Tenn. Code Ann. § 47-18-102(4) (emphasis in original).

The trial court in this case found as a fact that the Williams were engaged in the practice of buying salvaged and damaged vehicles, repairing them, and placing them for sale and that the sale of the truck to Ms. Griswold was one of several similar transactions. We have reviewed the record and find that the preponderance of the evidence supports the trial courts finding in this regard. The effect of this finding is that the Williams were, in the language of the statute, "persons engaged in business," and that the sale of the truck was not an isolated one. The court properly held that the TCPA applied to the transaction at issue.

The Williams also argue that the trial court erred in finding them "guilty of deceptive and unfair acts based on their failure to disclose the fact that the vehicle had a previous salvage title." They assert that Ms. Griswold had means to acquire the knowledge on her own and that, in response to her questions, the Williams gave "information of the previous damage to the body of the vehicle." The trial court's findings relative to the knowledge and actions of the Williams relative to the damage to the truck and the titles issued by Georgia and Tennessee are exhaustive and are fully supported by the preponderance of the evidence. As found by the trial court, Ms. Griswold's reliance on the responses to her questions was reasonable;[6] however, the information she received from the Williams was knowingly incomplete and deceptive and did not disclose facts known to the Williams. In this regard, we note that the trial court expressed some concern regarding Josh Williams' credibility. Because the trial court observes the witnesses as they testify, it is in the best position to assess witness credibility. *Frazier v. Frazier*, No. W2007-00039-COA-R3-CV, 2007 WL 2416098, *2 (Tenn. Ct. App. Aug. 27, 2007) (citing *Wells v. Tenn. Bd. Of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999)). Therefore, we give great deference to the court's determinations on matters of witness credibility. *Id*.

---

[5] The list of deceptive practices is set forth at Tenn. Code Ann. § 47-18-104.

[6] The reasonableness of a party's reliance on another party's misrepresentations is a question of fact. *City State Bank v. Dean Witter Reynolds, Inc.,* 948 S.W.2d 729, 737 (Tenn. Ct. App. 1996).

**IV. Conclusion**

For the reasons set forth above, the decision of the Chancery Court is AFFIRMED.

Costs are assessed against Josh Williams and Richard Williams, jointly and severally, for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE